IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 06-0454
════════════
 
Tony Hernandez and Gary 
Gibson, Petitioners,
 
v.
 
National Restoration 
Technologies, L.L.C., Travelers Property Casualty Insurance Company and 
Travelers Lloyds of Texas Insurance Company, Respondents
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Fourteenth District 
of Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
Petitioners 
Tony Hernandez and Gary Gibson (collectively “Hernandez”) allege, and 
Respondents concede, that the court of appeals erroneously dismissed Hernandez’s 
appeal as untimely due to a mistaken belief that the Harris County District 
Clerk’s Office was open for business on January 2, 2006.
An appeal is 
perfected when written notice is filed with the trial court clerk. Tex. R. App. P. 25.1(a). Notice is also 
to be filed with the appropriate court of appeals. Tex. R. App. P. 25.1(e). When a motion 
for new trial has been filed, as here, a notice of appeal must be filed with the 
trial court clerk within ninety days of the signing of the judgment. Tex. R. App. P. 26.1(a)(1). When a 
filing deadline falls on a holiday or a day in which the district clerk’s office 
is closed or inaccessible, the filing deadline is automatically extended until 
the end of the next day when the district clerk’s office is open and accessible. 
Tex. R. App. P. 4.1(b).
Here, the 
ninety day filing deadline fell on New Year’s Day. The court of appeals reopened 
from the holidays on January 2 but the Harris County District Clerk’s Office was 
not open until January 3. Thus, when Hernandez’s notice of appeal was filed 
with the district clerk and the court of appeals on January 3, the filing was 
timely. However, the court of appeals believed the appropriate deadline to be 
January 2, not realizing that the district clerk’s office was closed that day. 
On March 2 the court of appeals ordered Hernandez, pursuant to Texas Rules of 
Appellate Procedure 26.3 and 10.5(b), to file a formal motion to extend time 
with an explanation as to why his notice of appeal was untimely.[1] Hernandez’s counsel failed to respond 
to this order and on March 30 the court of appeals dismissed Hernandez’s appeal 
for want of jurisdiction.
Because 
Hernandez’s notice of appeal was timely, Texas Rules of Appellate 
Procedure 26.3 and 10.5(b) did not apply and Hernandez was not required to 
explain the timing of his notice of appeal. Accordingly, we grant the petition 
for review, and without hearing oral argument, we reverse the court of appeals’ 
judgment. The case is remanded to the court of appeals to reinstate Hernandez’s 
appeal.
 
OPINION 
DELIVERED: December 22, 2006







[1] In Verbugt v. Dorner, this Court held that a 
motion for extension of time is necessarily implied when the perfecting 
instrument is filed after the ninety day period allowed by Rule 26.1 but within 
the fifteen day grace period for which the appellant would be entitled to move 
to extend the filing deadline. 959 S.W.2d 615, 617 (Tex. 1997) (discussing the 
predecessor to Rule 26).